On December 31, 1920, the condition of the business was as follows:

Assets:

| | | |
|---|---|---|
| Cash in bank and on hand | $3, 626 82 | |
| Furniture and fixtures and automobile | 1, 501. 03 | |
| Accounts receivable (being mostly insurance accounts) | 14, 154. 34 | |
| | 19, 282. 19 | |

Liabilities:

| | | |
|---|---|---|
| Amount due insurance companies by us | $6,020. 93 | |
| Accounts payable (being mostly amount due us to landlords for rent collected) | 10, 792. 46 | |
| | | 16, 813. 39 |
| | | 2, 468. 80 |

Oldham, who retained 30 shares of the stock, was regularly employed by, and acted as general manager of, the United Steel Corporation. He was able, through his influence, to throw, and did throw, profitable business to the taxpayer. He was the only stockholder who had had much experience in business and the only one who had proven himself a successful business man.

In addition to throwing insurance and other business which he controlled to the taxpayer, he met in consultation with Kendrick, Thompson, and Houseal, or some of them, as often as once or twice a week, and counseled them in regard to plans of procedure and work to obtain new business.

### DECISION.

The determination of the Commissioner is approved.

On reference to the Board, STERNHAGEN, LANSDON, and LOVE dissent.

---

## APPEAL OF EMILY N. VANDERPOEL TRUST, DICKINSON W. RICHARDS, TRUSTEE.

Docket No. 2046.    Submitted May 9, 1925.    Decided January 19, 1926.

*Joseph W. Zeller, Esq.*, for the taxpayer.
*Lee I. Park, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income tax in the amount of $2,023.19 for the calendar year 1920, arising from the deduction by the Commissioner from the March 1, 1913, value of a certain building of depreciation to the date of sale in May, 1920, for the purpose of determining the gain or loss upon the sale.

FINDINGS OF FACT.

Taxpayer is a trust created on March 30, 1901. The corpus of the trust consisted of certain land and buildings, located at 96 Liberty Street and at 205–209 South Salina Street, Syracuse, N. Y. The value of the property, designated as 205–209 South Salina Street, on March 1, 1913, was $251,800, $196,800 representing the value of the land and $55,000 representing the value of the building.

The trust instrument provided, in part, as follows:

To HAVE AND TO HOLD the above granted premises unto the said parties of the second part, and the survivor of them, and his or their successor or successors, IN TRUST NEVERTHELESS to hold and manage the same, and to receive the rents, issues and profits thereof, and after deducting all necessary costs and expenses to apply out of the net rents, issues and profits thereof, the sum of One thousand dollars in each year to the use and education of Floyd Lewis Vanderpoel, the grandson of the party of the first part, in such school or schools, and college or colleges as the party of the first part shall select, or in the other expenses of his maintenance and education, as the party of the first part shall direct, subject to the approval in writing of Elizabeth B. Vanderpoel, the mother of said Floyd, until said Floyd shall attain the age of twenty-three years, or until he shall die, or until the party of the first part shall die, whichever event shall first occur.

And said trustees shall pay the balance of the net rents, issues and profits of said trust estate to the party of the first part for and during the term of her natural life by means of quarterly payments in each year unless said trust shall sooner terminate as hereinafter provided.

On June 1, 1906, the trustees leased the premises at 205-209 South Salina Street for a period of 10 years from May 1, 1909, at an annual rental of $13,000, in which lease the lessee agreed to pay for all ordinary repairs and all alterations and additions, together with all charges against the said property during the term of the lease.

On November 27, 1912, the original lease was amended and extended for a period of seven years to expire April 30, 1920, the taxpayer agreeing to contribute $4,000 toward the cost of the removal of the party wall between the leased building and the building next south thereof occupied by the lessee and the substitution of steel columns and girders in place thereof, in consideration of an increased rental of $240 a year and the restoration of alterations by the lessee at the termination of the lease as amended.

On February 26, 1915, the original lease was further extended to expire on April 30, 1929. During the period from February 1, 1913, to February 1, 1920, the lessee expended approximately $24,000 for repairs, alterations and additions to the leased premises. On April 26, 1920, by mutual agreement between the lessor and the lessee, the lease was canceled as of May 1, 1920, on which date the trustees sold the premises at 205–209 South Salina Street to the former lessee for $275,000.

The net income of the trust was regularly paid to the life beneficiaries. The trustees rendered fiduciary returns which showed no taxable income prior to the year 1920 against which any deduction for exhaustion, wear, and tear of the trust property could be taken. For the year 1920 the trust reported a net profit of $17,257.20, being the difference between the value on March 1, 1913, and the sales price of the property, less $5,542.80 expenses of the sale. The Commissioner computed depreciation at the rate of 3 per cent upon the March 1, 1913, value of the building of $55,000 from that date to the date of sale and increased the profit from the sale in the amount of $11,275.

DECISION.

The determination of the Commissioner is approved.

---

APPEAL OF W. C. ARTHURS.

Docket No. 2468.    Submitted November 2, 1925.    Decided January 19, 1926.

Value as of March 1, 1913, of shares of stock, determined for purpose of ascertaining loss on sales.

*Irvin V. Barth, Esq.*, for the taxpayer.
*Briggs G. Simpich, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, and ARUNDELL.

This is an appeal from the determination of additional income taxes for the calendar year 1919 in the amount of $15,127.54. The deficiency arises from the disallowance of certain claimed losses on the sale of stock in various corporations. The position of the Commissioner is that the stock had no value on March 1, 1913, and, consequently, no deductible loss was sustained.

FINDINGS OF FACT.

1. The taxpayer purchased, either during the year 1903 or 1904, 200 shares of stock in the Lumber Mineral Co., of Arba, Miss., for which he paid $20,450. These shares were sold in 1919 for $10. The Lumber Mineral Co. was in the business of logging and sawing timber into lumber and marketing same. It owned large blocks of standing timber, a logging railroad, a mill, and the general appurtenances necessary for the operation of a lumber plant. The company was in active operation until 1916, when its mill was destroyed by fire. Due to the difficulty in securing new machinery, the high cost of the same and the scarcity of labor, the company did not